E. M. SMITH v. H. M. DESCHAUMES.

One tenant in common may, with the consent of his co-tenant, establish his homestead upon the land owned by them in common.

APPEAL from Jefferson. Tried below before the Hon. William Chambers.

The land in controversy was a tract of one hundred and sixty acres, and consequently the homestead exemption comprised the entire tract. The other facts are sufficiently indicated by the opinion of the court.

*E. B. Pickett* and *Hancock & West*, for the appellant.

No brief for the appellee.

WALKER, J.   The appellee brings this suit against Smith and Young, who owned the land and improvements in controversy, at one time, as partners.   Smith, by and with the consent of Young, improved and occupied a homestead on the land, and claims to have purchased Young's interest in the property before the commencement of this suit.   If this be true Young is improperly a party to the suit.

The appellee claims to have purchased Smith's interest in the land under a *venditioni exponas* issued on an old judgment, affirmed in the Supreme Court, from the District Court of Bastrop county.

The errors in this case are very apparent and need not be noticed in their order.   Smith, though a tenant in common with Young, could, by the consent of his co-tenant, acquire a homestead on the common property against all the world except his co-tenant.

Even if the appellee had acquired Smith's interest in the property, he could only call upon Young for an account.   But he did not acquire Smith's interest, whether he owned the half or the whole of the property; for it was a rural homestead of less than two hundred acres.   Authorities need not be cited to establish these familiar principles.

The judgment of the District Court is reversed, and the cause remanded.

                              Reversed and remanded.