## FRITS vs. FRITS.

1. PLEADING.

   The allegation in an answer to a proceeding on a note, purporting to have been executed by the defendant, that she could not read or write, and if she executed the note did not know that it was a note, is not a sufficient denial to put the plaintiff upon proof of the execution of the note, nor is it a sufficient allegation of fraud or imposition in obtaining its execution.

2. HOMESTEAD: *Mortgage upon, schedule, etc.*

   Under the provisions of the Constitution of 1868, a married man or the head of a family, could not encumber the homestead by mortgage, except for taxes, laborers' and mechanics' liens and purchase money; it is not necessary in such case for the mortgagor to file a schedule of the homestead.

APPEAL from *Madison* Circuit Court in Chancery.

Hon. J. M. Pittman, Circuit Judge.

————, for appellant.

*Gregg, contra.*

English, Ch. J.:

On the 19th of August, 1876, Charles P. Frits filed a bill on the Chancery side of the Circuit Court of Madison County, against Jane Frits, to foreclose a mortgage upon lands.

The substance of the material allegations of the bill is, that on the 5th of August, 1869, the defendant being justly indebted to plaintiff, and for a valuable consideration, executed and delivered to him, a note of that date, by which she promised, for value received, to pay him six years after date $200, with interest from the 5th of August, 1872, payable yearly in advance, both principal and interest to become due on default of the payment of interest at any time due thereon. A copy of the note is exhibited.

That on the same day, to secure the payment of said note, she executed to him a mortgage conveying all the right, title, claim and interest which she had in and to certain lands which had been devised to her by her deceased husband, for and during the time she remained a widow, etc., and which are described in the bill and mortgage made an exhibit, as follows: the north half of the northeast quarter of section one, township fifteen north, range twenty-eight west, 12.54 acres off of the west side of the northwest quarter of the northwest quarter of section six, township fifteen north, range twenty-seven west; 9.96 acres off of the west side of the southwest quarter of the southwest quarter of section thirty-one, township sixteen north, range twenty-seven west. And the south half of the northeast quarter of section one, township fifteen north, range twenty-seven west.

All in said County of Madison, and known as the lands formerly owned by John Frits, deceased, and willed by him to Jane Frits to be held by her during the time she remained his widow.

The bill further alleges that but $30.62½ (which was credited as paid in corn 5th November, 1870), had been paid upon the note secured by the mortgage, and that defendant remained a widow.

Prayer for foreclosure and sale, etc.

The defendant filed the following answer to the bill:

" Defendant reserving, etc., for answer, etc., saith: that on the 5th day of August, 1869, she was not justly indebted to said plaintiff, and that she cannot read or write, and that if she, on the 5th of August, 1869, executed a note to the said plaintiff for two hundred dollars, she did not know that it was a note, and that she has no knowledge or remembrance of executing but one paper, and that she was informed that that was a mortgage.

" This defendant further answering saith, that she is the widow of John Frits, Sr., deceased, and that he, the said John Frits, Sr., made and executed the will recited in said plaintiff's complaint.

" Defendant further saith, that the said plaintiff did not advance to her two hundred dollars upon condition that she would secure the same by mortgage on lands specified in plaintiff's complaint.

" Defendant further saith, that she was residing upon the lands described in said mortgage, on the 5th day of August, 1869, and was then, and still is, the widow of said deceased, and the head of a family, and claimed and held the same as and for a homestead (except the south half of the northeast quarter of section one, township fifteen north, range twenty-seven), and now resides upon the said lands so mortgaged to said plaintiff, and claims and holds the same as and for a homestead.

"All which matters and things she is ready and willing to aver, maintain and prove, etc., etc."

Plaintiff demurred to the answer on the following grounds:

"*First*—Said answer does not contain facts which constitute a defense to plaintiff's action.

"*Second*—Said answer admits plaintiff's cause of action and does not set up any valid defense.

"*Third*—Defendant admits that she executed a good and valid mortgage to plaintiff, for a valuable consideration, and she cannot thereafter claim and hold said lands as a homestead.

"*Fourth*—The defendant shows by her answer (admitting the allegations in the complaint), that she was not the legal owner of said real estate, but she only held a conditional estate, which she had accepted in lieu of dower, and that she deeded away for her own individual debt, and she cannot hold a homestead in such estate after such conveyance.

"*Fifth*—The claim of homestead can only be set up against incumbrances created by law, such as judgment liens, etc., and she cannot set up such right against a valid deed of her own."

The court sustained the demurrer to the answer, and defendant electing to stand on her answer, a final decree was rendered against her for the debt, foreclosing the mortgage, and directing the lands to be sold by a commissioner, etc., and she appealed.

I.   In *Fenter et al.* v. *Obaugh et al.*, 17 Ark., 78, it was held that when a bond was misread, or its character misrepresented to an unlettered man, who was thereby induced to sign it, he was not bound by it.

No doubt appellant is illiterate, for besides the averment in the answer that she could neither read nor write, the note and mortgage, as exhibited with the bill, purport to have been executed by her by making her mark.

Frits vs. Frits.

She was, however, aided by her solicitor in preparing her answer, and it is not alleged that the note was misread or misrepresented to her. The substance of so much of the answer as relates to the note is, that if she executed a note to plaintiff, on the 5th of August, 1869, for $200, she did not know that it was a note, and she had no knowledge or remembrance of executing but one paper, and that she was informed that it was a mortgage.

These allegations were not sufficient to make a case of fraud or imposition in obtaining the execution of the note within the rule as declared in *Fenter et al.* v. *Obaugh et al.*; nor, though the answer was sworn to, does it sufficiently deny the execution of the note to require appellee to be put upon proof of its execution.

The answer, in effect, admits the execution of the mortgage, and the making of the note is recited in the mortgage, and the body of it copied.

The court did not err in sustaining the demurrer to so much of the answer as relates to the execution of the note.

II. In *Greenwood & Sons* v. *Maddox & Toms*, 27 Ark., 657, this court decided, in effect, that under the exemption provisions of the Constitution of 1868, a married man or head of a family, could not incumber the homestead by mortgage (except for taxes, laborer's and mechanics' liens, purchase money, etc.), and directly so decided in *Harbison* v. *Vaughan*, not reported, but noted among the unreported cases on p. 15, 31 Ark.

Appellant in her answer states she was residing on the lands described in the mortgage at the time of its execution, and continued to reside thereon, that she was a widow and the head of a family, etc., and claimed the lands as a homestead, except one of the tracts, which she designates, and which is not adjacent to the other tracts. The lands, as described in the bill and mortgage, which she claims as a homestead, are contiguous, and contain less than 160 acres.

Counsel for appellee submits that the answer is defective in not alleging that appellant had scheduled the lands claimed by her as a homestead, citing *Norris et al.* v. *Kidd*, 28 Ark., 486.

That case is unlike the one now before us. In that the claimant permitted the land to be sold under an execution issued upon a judgment, without scheduling the property as required by the statute (Gantt's Dig., sec. 263, etc.), and afterwards the homestead claim was set up as a defense to an action of ejectment by the purchaser, and was held to be too late.

Here the homestead claim was properly interposed in the answer to the bill to foreclose the mortgage, and condemn the lands to be sold to satisfy the debt.

The court erred in sustaining the demurrer to so much of the answer as sets up the homestead claim.

Admitting the answer to be true, as the demurrer did, appellee was only entitled to a decree of foreclosure and sale of the tract not claimed as part of the homestead.

So much of the decree as is for the debt and for foreclosure and sale of the tract not claimed as a part of the homestead is affirmed, and the remainder of the decree reversed, at the costs of appellee, and the cause remanded for further proceedings.