## SENTELL VS. ARMOR.

1. HOMESTEAD OF TENANT IN COMMON: *Mortgage on, under constitution of* 1868.

   A tenant in common has such a right of homestead in the estate in common, that he might, after executing a mortgage on his interest in it while the constitution of 1868 was in force, have it partitioned, and by fixing his dwelling on the part allotted to him, have it exempted from the foreclosure of the mortgage, unless the mortgage was for some of the excepted debts specified in that constitution.

APPEAL from *Lafayette* Circuit Court in Chancery.
Hon. J. K. YOUNG, Circuit Judge.
*John Cook*, for appellant.
*Williams & Battle, contra.*

HARRISON, J.   Virginia W. Armor, on the seventh day of May, 1874, executed to George W. Sentell a mortgage on her undivided interest in certain lands—1,160.71 acres—owned in common by her and Francis W. Armor, to secure to said Sentell a debt of $2,654.14, to become due on the first day of January, 1875 ; and also as security for supplies, to be thereafter furnished her by him during that year.

After the execution of the mortgage, partition of the lands was made between her and her co-tenant, and her share assigned and set apart to her in severalty.

A balance of her indebtedness to him remaining unpaid, Sentell, on the twenty seventh day of February, 1878, filed his complaint in equity against her for a foreclosure of the mortgage on the lands set apart to, and held in severalty by her.

She made no other defense to the suit than to claim as a

4

homestead a designated part of the land—160 acres—averring in her answer that she was when the mortgage was executed, and had ever since been, a resident of Lafayette county, and the head of a' family, and then was, and had ever since been, residing with her family on, and occupying the same as her homestead; that its value did not exceed five thousand dollars, and she had not since had any other homestead; and that no part of the indebtedness for which the mortgage was given was for taxes, laborers' or mechanics' liens, or purchase-money of the homestead. The plaintiff demurred to the answer as setting forth an insufficient defense. The court overruled the demurrer, and decreed a foreclosure and sale only as to, and of the, remainder of the lands.

The plaintiff appealed.

1. HOME-STEAD OF TENANT IN COMMON: Exempt from execution. It was decided in *Greenwood & Son v. Maddox & Toms, 17 Ark., 648*, that a co tenant has such a right of homestead in the estate in common, that he may, after an execution has been levied on the land, have partition made of it, and, by fixing his dwelling on the part set apart to him, have the benefit of the homestead exemption.

That case is decisive of this, as to the right of a co-tenant to a homestead in an estate in common. The doctrine, though there are decisions to the contrary, is well sustained, both by reason and authority. Mr. Freeman, in his work on co-tenancy and partition, says: " The homestead laws have an object perfectly well understood, and in the promotion of which courts may well employ the most liberal and humane rules of interpretation. This object is to assure to the unfortunate debtor, and his equally unfortunate but more helpless family, the shelter and the influence of home. A co-tenant may lawfully occupy every parcel of the lands of the co-tenancy. He may employ them not

Sentell vs. Armor.

merely for cultivation or for other means of making prof-
its, but may also build houses and barns, plant shrubs and
flowers, and surround himself with all the comforts of
home. His wife and children may of right occupy and
enjoy the premises with him. Upon the land of which he
is but a part owner he may, and in fact he frequently does,
obtain all the advantages of a home. These advantages are
none the less worthy of being secured to him and his fam-
ily in adversity, because the other co-tenants are entitled to
equal advantages in the same home. That he has not the
whole is very unsatisfactory, and a very inhumane reason
for depriving him of that which he has." *Freeman's Co-
tenancy and Partition, sec. 54.*

Mr. Thompson, after an examination of the principal
cases in support of the opposite view, remarks: "One can
easily imagine cases where the rule that there can be no
homestead in estates held in common would work peculiar
hardship to poor debtors, and defeat the apparent purposes
of the homestead laws. Thus, the parents die, leaving two
sons, their sole heirs, in possession of the home farm.
They, finding the premises incapable of an equitable par-
tition without sale, and knowing that the property would
be sacrificed by sale, determined to reside together, with
their respective families, in the common dwelling, and work
the farm in common. Under the view animadverted upon,
neither can claim a homestead therein as against creditors,
although the value of his interest is less than the value of
the statutory exemption. But it is not necessary to search
the imagination for hard cases, for the books furnish them.
Thus, in one case, the right of homestead was denied in
lands held by a *husband*, his *wife* and their *child*, as tenants
in common. It was also denied, in favor of a creditor, to
a tenant who was the sole occupant of the premises, hold-

ing title to an *undivided seventeen-eighteenths* of the entire estate, which title he had purchased under the belief that he had acquired the entire estate. The absurdity of such rulings is illustrated by the fact that if he had been a naked trespasser, disputing the title of the real owner, the same court would have accorded to him the benefit of the exemption against his creditor. *Thompson on Homesteads, sec. 188; Hoback v. Hoback, 33 Ark., 399; McClary v. Bixby, 36 Vt., 254; Thorn v. Thorn, 14 Iowa, 49; Hewitt v. Rankin, 41 Iowa, 35; Williams v. Wethered, 37 Texas, 130; Smith v. Deschaumer, 37 Texas, 429; Tarrant v. Twain, 15 Kan., 146; Horn v. Tufts, 39 N. H., 478.*

Mortgage on, during the constitution of 1868, void. The mortgage, as to the homestead, was void. Sec. 2 of Art. XII of the constitution of 1868, in force when the mortgage was given, was as follows: " Sec. 2. Hereafter the homestead of any resident of this state, who is a married man, or head of a family, shall not be incumbered in any manner while owned by him except for taxes, laborers' and mechanics' liens, and security for the purchase-money thereof."

There is no error in the decree.

Affirmed.