Webb v. Davis and Wife.

## WEBB v. DAVIS AND WIFE.

1. HOMESTEAD: *Mortgage of, under Constitution of 1868. Estoppel.*
A declaration by a mortgagor in a mortgage of real estate, made during the Constitution of 1868, that the. mortgaged property was not his homestead, will not estop him to deny the truth of the declaration and assert his homestead right against the mortgage.

2. PLEADING: *Amending complaint; when not necessary.*
When the defects in an imperfect complaint are supplied by the answer to it, an amendment of the complaint is not necessary. The cause is at issue by the filing of the answer.

3. HOMESTEAD: *Plea of, against mortgage under Constitution of 1868, must be proved.*
If in an action to enforce a mortgage executed during the life of the Constitution of 1868, the defendant pleads that the mortgaged property was his homestead, the burden of proof is upon him.

APPEAL from *Pulaski* Chancery Court.

Hon. J. R. EAKIN, Chancellor.

*W. G. Whipple,* for appellant:

I. The privilege of homestead may be waived. *In re Cross,* 2 *Dillon,* 320; *Babcock* v. *Hoey,* 11 *Iowa,* 375; *Chamberlain* v. *Lyell,* 3 *Mich.,* 448; *Sampson* v. *Williamson,* 6 *Tex.,* 115; *Drake* v. *Root,* 2 *Col.,* 689; *Simmons* v. *Anderson,* 56 *Georg.,* 53; *Crout* v. *Sauter,* 13 *Bush, Ky.*

Husband and wife may alien homestead absolutely, under *Con.* 1868. *Norris* v. *Kidd,* 28 *Ark.;* *Jackson* v. *Allen,* 30 *Ark.,* 117; *Chambers* v. *Sallie,* 29 *Ark.,* 407; and power to mortgage is generally co-extensive with power to sell. *Thompson on Homestead, Sec.* 456 *and C. C.*

Children possess no estate during life of parents, and the homestead is wholly subject to parent's control; and whatever concluded the latter, concluded the former. *Thomp.*

*on Home.*, *Secs.* 43 *and* 570 ; *Brown* v. *Coon,* 36 *Ill.*, 244 ; *Clupp* v. *Wise,* 64 *Ill.*, 160.

Ownership and occupation do not alone establish the character of homestead ; it is a question of intention and fact. *Intention* is an essential ingredient, and a waiver eliminates the element of intention, extinguishes it. This view is sustained by *Norris* v. *Kidd,* 28 *Ark.* See *p.* 491, as to the necessity of *selection.* No waiver could be more explicit and deliberate than that in this mortgage. Does this mortgage antagonize public policy? *Sec.* 2, *Art.* 12, is to be strictly construed, and applied to cases only clearly within its terms. See *Himmelman* v. *Schmidt,* 23 *Cal.*, 120. It is aimed at *passive* liens, or incumbrances ; the restriction not directly upon the acts of owner.

‘‘ The law * * * neither in spirit nor letter confers power or opportunity for fraud.’’ *Taliaferro* v. *Pry,* 41 *Ga.*, 622. Webb was certainly defrauded.

II. Appellees estopped by recitals in the mortgage. Recitals in deeds forever estop parties thereto. *Washburn on Real Property,* *Vol.* 3, *p.* 106 ; *Denn* v. *Brewer, N. L. J. S.* ( *Coxe*) *p.* 172 ; *Inskeep* v. *Shields,* 4 *Harr. Del.*, 345 ; *Redman* v. *Bellamy,* 4 *Cal,* 247 ; *LaJoye* v. *Primm,* 3 *Mo.*, 368. ‘‘ A party who has executed a deed is thereby estopped from denying, not only the deed itself, but *every fact it recites* and *every covenant it contains.*’’ *Foss* v. *Stracher,* 42 *N. H.*, 40–46.

Statutes creating homestead exemption do not restrain alienation unless so expressed. *Thomp. on Homesteads, Sec.* 452. A void conveyance may be validated. *Ib. Sec.* 483 *and C. C., and* 484–5–6, 488. See also *Stewart* v. *Mackey,* 16 *Tex.*, 56.

III. The constitutional inhibition was temporary ; and the restriction afterwards withdrawn, the policy changed,

and the mortgage validated, from the date of the overthrow of the old policy. *Jordan* v. *Goodman*, 19 *Tex.*, 273; *Brown* v. *Coon*, 36 *Ill.*, 243; *McDonald* v. *Crandall*, 43 *Ill.*, 231; *Hewitt* v, *Templeton*, 48 *Ib.*, 367; *Vasey* v. *Trustees*, 59 *Ib.*, 188; *Hall* v. *Fullerton*, 69 *Ib.*, 448. *Norris* v. *Kidd*, *Sup.*, is in harmony with these.

B. B. BATTLE, Special Judge.   This is an action to foreclose a mortgage on lots four, five, six, seven, eight and nine, in block three hundred and one, in the city of Little Rock, executed on the 14th day of June, 1871, by the appellees, Davis and wife.   The mortgage was given to secure the payment of a note, bearing even date with the mortgage, executed by said appellees to appellant for one thousand dollars, borrowed money, and interest thereon; and contains tho following clause:   "And we the said George A. Davis and Mary A. Davis, wife to said George A. Davis, do hereby forever renounce all claims to the above conveyed property as a homestead, and we do fully agree and covenant with the said James P. Webb, that said property is not our homestead, and forms no part thereof, and we do not claim it as such."

Appellees, Davis and wife, who were defendants in the court below, answered, admitting the execution of the note and mortgage—confessing the complaint—and saying substantially and in effect, that they had, before the execution of the mortgage, purchased lots seven, eight and nine, but had never paid the purchase money, and that afterwards, under a decree in a suit instituted by the vendor against them to foreclose a vendor's lien for unpaid purchase money, said lots were sold to Cora F. Faust; that appellee, George A. Davis, was at the time of the execution of the mortgage, and still is a resident of this State, and the head of a family; that they were the owners of lots four, five and six, at the

time of the execution of the mortgage, and still are the owners thereof ; that the same were, at the time of the execution of the mortgage, and still are used and occupied by them as their homestead, and were then and are now their homestead and residence, and, with the improvements thereon, do not exceed in value the sum of five thousand dollars ; that they have no other home or place of residence in this State, and claiming the same as their homestead.

To this answer, appellant filed a general demurrer which was overruled.

No question as to the sufficiency of the complaint was raised, but the defects in the same were considered by the court below, in a written opinion delivered and filed by the chancellor, as supplied by the answer.

The action was finally dismissed by an order of the court. in the words following: "Plaintiff declines to amend. Wherefore this cause is dismissed for want of equity, at the cost of plaintiff."

1. HOME- STEAD: Mortgage of, under constitu- tion of 1868.
According to the answer, lots four, five and six were the homestead of defendants at the time of the execution of the mortgage and still are such homestead ; and as to them the mortgage was null and void. *Fritz* v. *Fritz*, 32 *Ark.*, 327 ; *Sentell* v. *Armor*, 35 *Ark.*, 49 ; *Klink* v. *Knoble*, decided at. the present term, and *Wassell* v. *Tunnah.* 25 *Ark.*, 101.

Estoppel.
Appellant insists that the clause in the mortgage copied in this opinion estops appellees from claiming any of the afore described lots as a homestead. Has it that effect? We think not. The Constitution of 1868, which was in force at the time of the execution of the mortgage, expressly declares that "the homestead of any resident of this State, who is a married man or head of a family, shall not be encumbered *in any manner* while owned by him," except with liens for taxes, and with laborer's, mechanic's and vendor's liens. Lots four, five and six were the homestead of appellees at.

Webb v. Davis and Wife.

the time of the execution of the mortgage sued on ; and the mortgage, if anything, was an effort to encumber the homestead, and is in that respect void because it violated the Constitution of 1868.

The fact that any of these lots were or were not the homestead of appellees depended not upon any recitals, statements, stipulations or covenants contained in the mortgage. The actual use and occupation as a home and residence constituted the homestead, and could only be shown by extrinsic evidence. To assert and maintain the right of homestead the appellees must necessarily be permitted to plead and prove this fact. This follows as an inseparable and necessary incident to the rights of homestead guaranteed to them by the Constitution. Any recitals, statements, stipulations or covenants incorporated in the mortgage to prevent the pleading or proving this fact, or having that effect, if any; according to the legal construction thereof, were in violation of the Constitution in force at the time of its execution and against its policy, and are void. *Klink* v. *Knoble, supra.*

The facts stated in the answer are sufficient to constitute a defense, and the demurrer to the same was properly overruled.

The court below erred in dismissing the action at the cost of plaintiff, because he refused to amend. The defects in the complaint, if any, having been supplied by the answer, there was no necessity for amending. The cause was at issue upon the filing of the answer ; the burden of proof was on the defendants, and the court should have proceeded to a hearing, which does not appear from the transcript to have been done, unless the plaintiff failed or refused to prosecute his action.

2. PLEAD-ING: Amending complaint, when not necessary.

3. *Onus Probandi.*

The order dismissing the action is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

The Hon. J. R. Eakin did not sit in this case.