## SANSOM v. HARRELL.

HOMESTEAD: *Order vesting in widow: Rights of minor children.*

Since the adoption of the constitution of 1874, which, by art. 9, sec. 6, provides that when the owner of a homestead dies his widow and minor children shall share the same equally, the power of the probate court to make an order under sec. 3, Mansf. Dig., vesting the estate of a deceased person in his widow where it does not exceed in value the sum of three hundred dollars, is confined to cases where the deceased leaves no minor children, or if he leaves such children, no part of his estate constitutes a homestead.

APPEAL from *Faulkner* Circuit Court in Chancery.

J. W. MARTIN, Judge.

*Bruce & Bolton* and *C. W. Cox*, for appellants.

The probate court had no jurisdiction to make the order. Mansf. Dig., sec. 3; 33 Ark., 824; 38 Id., 243. The order fails to recite jurisdictional facts, but on the contrary

shows affirmatively that the court did not undertake to determine the value of the estate, nor to vest the entire estate, but did undertake to vest the land in controversy in the widow after determining its value alone, without regard to the rest of the estate. 33 Ark., 824. The order was void.

*Sam. Frauenthal,* for appellee.

The probate court had jurisdiction. Mansf. Dig., sec. 3; Freeman Judg., secs. 118, 119. The presumption is in favor of the validity of the order. 33 Ark., 824; 31 Id., 190; 49 Id., 336.

The matter is now *res adjudicata.*

BATTLE, J.

In 1876 Thaddeus W. Sansom died, at his late residence in Faulkner county, intestate, leaving surviving him a widow and three minor children. At the time of his death he was the owner of a tract of land, which he and his family resided upon and occupied as a homestead when he died. It was in the country and consisted of about eighty acres and did not exceed three hundred dollars in value. He had no other homestead. A short time after his decease and during the minority of his children, his widow presented a petition to the probate court for an order to vest the land in her absolutely, representing that it was not worth exceeding three hundred dollars. The court finding that it did not exceed in value the amount stated, made the order. The question is, did the court have the authority to make this order?

The order in question was based upon section 3 of Mansfield's Digest, which provides: "When any one shall die, leaving a widow or children, and it shall be made to appear to the probate court that the estate of the deceased does not exceed three hundred dollars, the court shall make an order

that the estate vest absolutely in the widow or children, as the case may be; and in all cases where the estate does not exceed eight hundred dollars the widow or children, as the case may be, shall be entitled to retain the amount of three hundred dollars of the property at its cash price.'' In construing this section and speaking of the proceedings under it, in *Harrison v. Lamar*, 33 Ark., 827, Mr. Justice Eakin said: ''It is a proceeding *in rem* fixing the status of the property as to ownership, and declaring to all the world the course of devolution which, under the circumstances, the law gave to the property of the deceased. It did not vest the right so much as declare it, and it was not necessary that it should specify the personal property, or describe the lands by metes, bounds or numbers. It carried the whole property without reserve, leaving nothing to be determined with regard to its identity, but the fact that it was part of the estate left by the deceased—a fact, in this case, necessary to sustain the claim of either party. The statute does not prescribe any notice to be given to heirs or distributees. As to these small estates, they have no *prima facie* rights, the amount of the estate being admitted. They are taken out of the course of devolution prescribed to larger ones, and there being no right to be divested out of them, there is no other reason for making them parties than that they should have the right to question the amount of the estate, a fact admitted here, or, rather, not contested; and there is no reason at all for making them parties by notice or otherwise, to the probate court proceedings, which would not, with equal or greater force apply to creditors.''

But section 6 of article 9 of the Constitution of 1874, adopted subsequently to the enactment of the statute in

HOME-STEAD:

question, provides that, when the owner of a homestead dies, his widow and minor children shall share the same equally, and that the minor children shall be entitled to half the rents and profits till each of them arrives at twenty-one years of age, and that each child's right shall cease when he becomes twenty-one years old and go to the younger children, until all cease to be minors, when the entire homestead goes to the widow for her natural life or until she abondons it. The right to share it equally and to one-half of the rents and profits thereon becomes a vested interest in the children upon the death of the parent. The widow is not entitled to the absolute or exclusive control or dominion over it. She cannot alienate her interest in it. *Garibaldi v. Jones*, 48 Ark., 230. The moment she acquires a homestead in her own right, or abandons it, her right to it ceases to exist. Until the children reach the age of twenty-one years it cannot be sold to pay the debts of the estate of the deceased owner, nor be partitioned among the heirs. The land constituting it cannot be sold to pay such debts, subject to the homestead rights of the children, during their minority. The Constitution sets it apart as a home and sanctuary for the widow and children, and for the purpose of preventing any other person invading it under a claim of right or interfering with them in the undisturbed enjoyment of the shelter, comfort and security of it as a home, guards and protects it against sales and transfers. The same reason which makes it unlawful to sell the land constituting it for the payment of the debts of the deceased owner subject to the homestead rights of the children, during their minority, makes it unlawful to vest it in the widow, subject to the same rights of the children, during their minority. One endangers the quiet, security and comfort of a home provided in the homestead

*Rights of minor children: Order vesting land in widow.*

as much as the other, and both equally violate the spirit and manifest intent of the constitution.

As said in *Harrison v. Lamar* the order which the probate court is authorized by section 3 of Mansfield's Digest to make, does not vest a right in the widow so much as declare it. This being true, it is obvious that it has no authority to make such an order as to the homestead. The vested rights of the minor children forbid. They cannot be divested by such an order, during their minority, especially in an *ex parte* proceeding.

If it be conceded that the probate court had the jurisdiction to determine whether the land in controversy was impressed with the homestead character by the parent in his lifetime, it does not appear to have done so. While it found that the land did not exceed · three hundred dollars in value, it says nothing about it being a homestead. The proceeding instituted by the widow was *in rem*, *ex parte*, such as is only authorized by the statute in cases where the whole estate does not exceed three hundred dollars and no part of it constitutes a homestead. The whole proceeding, including the order made, precludes the idea that the court undertook to determine its character as a homestead. *Hohn v. Kelly*, 34 Cal., 391.

The order of the probate court, by which an effort was made to vest the land absolutely in the widow, having been made during the minority of the children, is void.

Reversed and remanded for a new trial.