## SANSOM v. HARRELL.

Decided March 19, 1892.

*Homestead—Abandonment by widow—Statute of limitation.*

Where a widow, claiming to be the sole owner of her deceased husband's homestead, sells and conveys it in fee simple, in disregard of the rights of his minor child and sole heir, she will be held to have abandoned the homestead, notwithstanding she subsequently obtains a re-conveyance of the land ; in that case the statute of limitation begins upon the minor's death to run in the widow's favor against the minor's heirs, and is not postponed until she shall again convey or sell the land.

APPEAL from *Faulkner* Circuit Court.

JOSEPH W. MARTIN, Judge.

In 1876 Thaddeus W. Sansom died intestate, leaving surviving a widow and three minor children. At the time of his death he owned and occupied eighty acres of land as a homestead. During the minority of the children the widow presented a petition to the probate court for an order vesting the land absolutely in herself. Finding that it did not exceed in value the sum of $300, the court made the desired order. Subsequently, in 1877, the widow conveyed the land to Henry Heinze, and placed him in possession ; a year later he re-conveyed it to her. On July 27, 1880, she conveyed and delivered possession of the land to B. F. Stephans, through whom appellee deraigns title.

Two of the minor children died in 1876 or 1877, the other died in 1879. On July 11, 1887, appellants, as heirs of the last mentioned child, brought this suit in ejectment to recover the land. Appellee relied (1) upon the order of the probate court vesting title in the widow, and the mesne conveyances above recited, and (2) upon the statute of limitation of seven years adverse possession. Upon a former appeal (*Sansom* v. *Harrell*, 51 Ark., 429) it was adjudged that the first defense was insufficient. A second trial resulted in a judgment for appellee upon the second defense. The question raised upon the appeal is, when did the statute begin to run against appellants ?

*E. A. Bolton* for appellants.

1.  The statute did not commence to run until the death of the minor. The widow could not in any way abandon the homestead so as to prejudice the minor's right. 29 Ark., 292 ; 48 *id.*, 237.

2.  At the time of the death of the minor the widow was on the land, it was her home, all she had, until she resold it, July 27, 1880, less than seven years before this suit was brought ; and the suit is not barred.

*Sam Frauenthal* for appellees.

The statute commenced to run at the death of James Sansom, the minor, which the clear preponderance of the evidence shows to have been in the fall of 1879. The widow abandoned her right in 1877, by the sale to Heinze. 48 Ark., 230, 237 ; 29 *id.*, 280 ; *ib.*, 407 ; Thompson's H. & Ex., sec. 263 ; 37 Ark., 283 ; 48 *id.*, 543. Having once abandoned the right, she could not reclaim it. Thomp. on H. & Ex., sec. 267 ; 39 Ill., 83 ; 65 Iowa, 533.

2.  The burden is on plaintiff to show a suspension of the running of the statute. 53 Ark., 96 ; 47 *id.*, 121. They have not done so. Full seven years adverse possession was proven.

HEMINGWAY, J. Where a married man, owning a homestead, dies leaving a widow and minor child entitled to hold it as exempt, and the widow claiming to be sole owner sells and conveys it in fee simple, she will be held to have abandoned the homestead. *Garibaldi* v. *Jones*, 48 Ark., 230. Upon the death of the minor, sole heir, it descends to his heirs, who are entitled to its immediate possession as against those claiming under the grant of the widow ; and their right is not affected by the fact that the widow has obtained a conveyance back to her and occupies the land under a claim of title. As the right of action accrued to the heirs of the minor at his death the statute of limitations began to run on that date, and was not postponed until the widow should again convey or leave the land. The cause was fairly submitted.

under the law as above announced, and the evidence sustains the verdict.

There being no error in the matter complained of, the judgment is affirmed.