## HILL et al. v. HILL et al.

### (District Court, E. D. Arkansas, E. D. March 20, 1916.)

### No. 370.

1. HOMESTEAD ⬅115(2)—VALIDITY OF MORTGAGE—LAW GOVERNING—CHANGE IN CONSTITUTION OF STATE.

The validity of a mortgage of homestead lands executed in Arkansas while the Constitution of 1868 of that state was in force, which differs materially from the Constitution of 1874, must be determined by the earlier instrument.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 186–190; Dec. Dig. ⬅115(2).]

2. COURTS ⬅366(1)—DECISIONS OF STATE COURTS—STATE CONSTITUTION—CONSTRUCTION BY FEDERAL COURT.

The decisions of the Supreme Court of the state of Arkansas, construing its Constitution, are conclusive on a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 956, 957, 967; Dec. Dig. ⬅366(1).]

3. HOMESTEAD ⬅115(2)—VALIDITY OF MORTGAGE—CONSTITUTION OF ARKANSAS.

Under Const. Ark. 1868, art. 12, § 2, providing that hereafter the homestead of any resident of the state who is a married man or the head of a family shall not be incumbered in any manner while owned by him, with exceptions, a husband's mortgage of his homestead, though joined in by his wife, was void.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 186–190; Dec. Dig. ⬅115(2).]

4. HOMESTEAD ⬅115(2)—INCUMBRANCE—NECESSITY TO CLAIM EXEMPTION—STATUTE.

Sess. Acts Ark. 1871, p. 285, entitled "An act to regulate the practice in the matter of exemption of property from execution under final process," was intended to apply only to executions, and the head of a family, who failed to claim his land as a homestead in conformity with the statute before sale thereof was made under power contained in his mortgage, did not lose his homestead right; his incumbrance being void under Const. 1868, art. 12, § 2.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 186–190; Dec. Dig. ⬅115(2).]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Mary M. Hill and others against Will Hill and others. On demurrer to defendants' plea. Demurrer overruled.

This is an action in ejectment, instituted by the plaintiffs to recover certain lands lying in the county of Phillips, state of Arkansas. The plaintiffs claim to be the owners of the lands by certain mesne conveyances, hereinafter more fully set out. The original defendants are tenants of the children and heirs of John R. Williams, deceased. They were not made parties originally, but by leave of the court were made parties defendants, claiming to be the real owners of the lands.

The plaintiffs claim ownership of the lands as follows: That on April 9, 1873, one John R. Williams was the owner in fee simple of the lands in controversy, and certain other lands, constituting a large plantation. Being indebted to a mercantile firm, doing business under the name of Hill, Fontaine & Co., he executed a deed of trust, in the nature of a mortgage, to Napoleon Hill, as trustee, to a large plantation, of which the land in controversy, comprising 160 acres, was a part. The mortgage contained a power of sale upon default. Having made default in payment of the debt intended to be secured by this mortgage, the trustee, Napoleon Hill, sold all the lands covered by the mortgage on April 20, 1875, and the plaintiffs claims under this sale.

The complaint also alleges that on March 7, 1874, after the execution of the mortgage, but before the sale under the foreclosure by the trustee, the mortgagor, John R. Williams, filed in the office of the circuit clerk and ex officio recorder of Phillips county, a schedule of homestead, wherein he claimed the lands now in controversy as a homestead.

The complaint further alleges that at the time of the execution of the mortgage, and prior thereto, the said John R. Williams was a married man and the head of a family; that he died in November, 1879, leaving surviving him his wife and a number of children; that after the sale of the lands under the mortgage by the trustee, the mortgagor remained in possession of the property described in the schedule of homestead, and which are the lands in controversy, and after his death his widow and children continued in the possession of the homestead; that in October, 1913, the widow died; and that since then the defendants have continued in possession as tenants of the heirs of John R. Williams.

This action was instituted on November 29, 1915.

The heirs of John R. Williams, after having been made parties defendants to this action, filed an answer, and among other pleas set up the following: "They say that at the time of the execution of the deed of trust by the said John R. Williams to Napoleon Hill as trustee, on the 9th day of April, 1873, the said John R. Williams was a married man and the head of a family; that he resided upon the lands sued for herein; and, said lands being his homestead, they allege that said deed of trust, so executed to the said Napoleon Hill, as trustee, was, under the Constitution of 1868, null and void, and that no title passed from the said John R. Williams to the said Napoleon Hill as trustee. They further state that no title having passed to the said Napoleon Hill as trustee under said deed of trust, none passed to said plaintiffs by reason of the mesne conveyances arising from the foreclosure of the same, but, on the contrary, they say that the title remained vested in the said John R. Williams, and after his death in his heirs at law, these defendants, who are now the sole and absolute owners of these lands sought to be recovered by the plaintiffs in this action."

To this plea the plaintiffs have filed a demurrer, alleging that these allegations do not constitute a defense to the action.

The Constitution of the state of Arkansas in force at that time was the Constitution of 1868, which continued in force until October 30, 1874, when the present Constitution of the state was adopted. That Constitution contained the following provisions:

### Article 12. Exempted Property.

"Sec. 2. Hereafter the homestead of any resident of this state who is a married man or head of a family shall not be incumbered in any manner while

owned by him except for taxes, laborers' and mechanics' liens and securities for the purchase money thereof.

"Sec. 3. Every homestead not exceeding one hundred and sixty acres of land, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any town, city or village, or in lieu thereof, at the option of the owner, any lot in any city, town or village, with the dwelling and appurtenances thereon, owned and occupied by any resident of this state, and not exceeding the value of five thousand dollars, shall be exempted from sale on execution or any other final process from any court; but no property shall be exempt from sale for taxes, for the payment of obligations contracted for the purchase of said premises, for the erection of improvements thereon or for labor performed for the owner thereof. Provided, that the benefit of the homestead herein provided for shall not be extended to persons who may be indebted for dues to the state, county, township, school or other trust funds.

"Sec. 4. If the owner of a homestead die, leaving a widow, but no children, the same shall be exempt, and the rents and profits thereof shall accrue to her benefit during the time of her widowhood, unless she be the owner of a homestead in her own right.

"Sec. 5. The homestead of a family, after the death of the owner thereof, shall be exempt from the payment of his debts, in all cases, during the minority of his children, and also so long as his widow shall remain unmarried, unless she be the owner of a homestead in her own right."

H. R. Boyd, of Memphis, Tenn., for plaintiffs.

Moore, Vineyard & Satterfield and Fink & Dinning, all of· Helena, Ark., for defendants.

TRIEBER, District Judge (after stating the facts as above). [1] The mortgage under which plaintiffs claim title having been executed while the Constitution of 1868 was in force, and which differs materially from the present Constitution, the validity of the mortgage must be determined by that instrument.

[2] The question raised by the demurrer involving the construction of the Constitution of the state of Arkansas, it is conceded by both parties that the decisions of the Supreme Court of the state construing it are conclusive on this court.

On behalf of the plaintiffs it is claimed that, unless the owner of lands occupied as a homestead claimed the same in conformity with the provisions of the act of the General Assembly of the state of Arkansas, approved March 28, 1871 (Session Acts Arkansas 1871, p. 285) before the sale was made under the power of the mortgage, the homestead right is lost, and the sale passes a perfect title to the purchaser at that sale. It is also claimed that the homestead right, in case of a mortgage, gives the owner thereof only the right of possession during his life, and after his death to his widow for life and his children during minority, and as the widow is dead, and all the children have attained their majority, the purchaser at the foreclosure sale and his grantees are entitled to the possession of the lands. On the other hand, the defendants contend that under the Constitution of 1868 a mortgage of a homestead was absolutely void, and passed no title whatever to the mortgagee or his assigns.

The plaintiffs rely upon Norris v. Kidd, 28 Ark. 485, and the cases which follow the rule established in that case. But Norris v. Kidd does not construe section 2, of art. 12, of the Constitution, but sec-

tion 3 of this article, which applies solely to sales under execution, or any other process from a court, and not to mortgages. This was expressly decided by the Supreme Court in Frits v. Frits, 32 Ark. 327, 332. In that case an action was brought to foreclose a mortgage, and the plea was interposed that it was a homestead, and for that reason the mortgage was void under the Constitution of 1868, which was in force at the time of the execution of the mortgage. On behalf of the mortgagee, it was there claimed that the plea was defective in not alleging that appellant had scheduled the lands claimed as a homestead, as required by the act of 1871, citing Norris v. Kidd. The court, in overruling this contention, held:

"That case [referring to Norris v. Kidd] is unlike the one now before us, in that the claimant permitted the land to be sold under an execution issued upon a judgment, without scheduling the property as required by the statute (Gantt's Digest of the Statutes of Arkansas, § 2635, which is the act of March 28, 1871), and afterwards the homestead claim was set up as a defense to an action of ejectment, by the purchaser, and was held to be too late. Here the homestead claim was properly interposed in the answer to the bill to foreclose the mortgage, and condemn the lands to be sold to satisfy the debt."

And the court held that under the provisions of the Constitution of 1868 a mortgage on a homestead, except for taxes, laborers' and mechanics' liens, and purchase money is void.

[3] That a mortgage, even if the wife joins in it, executed while the Constitution of 1868 was in force, as is the case in the case at bar, is absolutely void has been uniformly held by the Supreme Court of Arkansas. As that Constitution was only in force for six years, the decisions on this subject are more numerous than might be expected, and they are all to the effect that a mortgage on the homestead is invalid. The first case decided was Harbison v. Vaughan, 31 Ark. 15 (without an opinion, except, "Mortgage of homestead under the Constitution of 1868 is invalid"). Other cases in which the same conclusion was reached are Frits v. Frits, supra; Sentell v. Armor, 35 Ark. 49; Klenk v. Knoble, 37 Ark. 298, 304; Webb v. Davis, 37 Ark. 551, 555; Sims v. Thompson, 39 Ark. 301; Brown v. Watson, 41 Ark. 309, 313. In the last case it was held:

"What this court has so often asserted as to make any further assertion of it unnecessary in the reports is that a mortgage or a deed of trust, or any attempted incumbrance on a homestead, other than those excepted in the Constitution, is void."

In Webb v. Davis, supra, the mortgage contained a provision "that said property is not our homestead, and forms no part thereof, and we do not claim it as much." In the proceeding to foreclose this mortgage the plea of homestead was set up, and the court held that the plea was good. The court said:

"The fact that any of these lots were or were not the homestead of appellees depended not upon any recitals, statements, stipulations, or covenants contained in the mortgage. The actual use and occupation as a home and residence constituted the homestead, and could only be shown by extrinsic evidence. * * * Any recitals, statements, stipulations, or covenants incorporated in the mortgage to prevent the pleading or proving this fact, or having that effect, if any, according to the legal construction thereof, were in violation of the Constitution in force at the time of its execution (referring to the Consti-

tution of 1868) and against its policy, and are void. * * * The facts stated in the answer are sufficient to constitute a defense."

To the same effect is Klenk v. Knoble, supra. In that case the court said:

"It would be mere child's play to enable the lender to neutralize that [referring to the prohibition against mortgaging the homestead] by exacting from the borrower a statement in the instrument, denying the character of the property, and then closing his mouth by an estoppel."

[4] The act of 1871, which was construed in Norris v. Kidd, digested as section 2635 of Gantt's Digest of the Revised Statutes of Arkansas of 1874, shows clearly that it was only intended to apply to executions, as was held in·Frits v. Frits. This is conclusively shown by the title of the act, which was "An act to regulate the practice in the matter of exemption of property from execution on final process." The Constitution of 1868, art. 5, § 22, provided:

"No Act shall embrace more than one subject, which shall be embraced in its title."

So, while in the absence of such a constitutional provision the title would not be considered as a part of the act, under a provision like that contained in the Constitution of 1868, the title of an act is of great importance in determining the intention of the Legislature. Cooley on Constitutional Limitations (7th Ed.) p. 202; Sedgwick on Construction of Statutes (3d Ed.) p. 40.

In view of the uniform rulings of the Supreme Court of Arkansas, there can be no doubt that a mortgage executed on a homestead while the Constitution of 1868 was in force was absolutely void, and passed no title. This conclusion makes it unnecessary to determine the effect of the filing by Williams of the schedule of homestead after the execution of the mortgage and before the sale under the mortgage.

The demurrer is overruled.