### HILL et al. v. HILL et al.

(Circuit Court of Appeals, Eighth Circuit. September 17, 1917.)

No. 4842.

HOMESTEAD ⊝115(2), 121—INCUMBRANCE—EFFECT OF TERMINATION OF HOMESTEAD—LAW OF ARKANSAS.

Under Const. Ark. 1868, art. 12, § 2, which provided that "hereafter the homestead of any resident of this state who is a married man or head of a family shall not be incumbered in any manner while owned by him, except for taxes, * * *" and the decisions of the Supreme Court of the state thereunder, a deed of trust on a homestead was wholly void, although the land had not then been designated and claimed as a homestead; and a sale under such a deed of trust of land, including a tract which prior to the sale had been property designated and claimed as a homestead, conveyed to the purchaser no right or interest in remainder in such tract, after the homestead right had been terminated by the death of the beneficiaries or otherwise, even though the sale was expressly made by consent subject to the grantor's homestead right under the laws of the state.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by Mary M. Hill and others against Will Hill and others. Judgment for defendant, and plaintiffs bring error. Affirmed.

For opinion below, see 231 Fed. 345.

H. R. Boyd, of Memphis, Tenn., for plaintiffs in error.

John I. Moore, of Helena, Ark. (Jacob Fink, J. M. Vineyard, and W. R. Satterfield, all of Helena, Ark., on the brief), for defendants in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. In 1873, John R. Williams, who owned in fee a large tract of Arkansas land, including that here involved, executed a deed of trust upon the entire property. In 1875 a sale was made under this deed of trust. The contest is between the heirs of Williams (defendants) and those who deraign their title from the purchaser at the above sale. The heirs claim that this property, being the homestead of Williams, the deed of trust was, as to it, void under section 2, article 12, of the Arkansas Constitution of 1868, which was in force in 1873. The plaintiffs claim: That no proper selection of the homestead was ever made; therefore the constitutional provision could not apply. That the homestead right was merely an estate during the lives of Williams and his widow and during the minority of their children; therefore, as grantees of the purchaser of the entire tract covered by the deed of trust, they are entitled to possession of this homestead portion, now that the life estates have terminated and the children reached majority.

The case is here upon error from final judgment upon overruling a demurrer to paragraph 10 of the answer, the essential statements of which are:

"* * * And further answering they say that at the time of the execution of the deed of trust by the said John R. Williams to Napoleon Hill, as trustee, on the 9th day of April, 1873, the said John R. Williams was a married man and the head of a family; that he resided upon the lands sued for herein, and said lands being his homestead, consisting of 160 acres of country lands, they allege that said deed of trust so executed to the said Napoleon Hill as trustee was under the Constitution of 1868 null and void, because the debt it secured was not for purchase money thereto, nor for taxes or laborers' or mechanics' liens; and that no title passed from the said John R. Williams to the said Napoleon Hill as trustee. They further say that, no title having passed to the said Napoleon Hill as trustee under said deed of trust, none passed to said plaintiffs by reason of the mesne conveyances arising from the foreclosure of the same; but, on the contrary, they say that the title remained vested in the said John R. Williams, and after his death in his heirs at law—these defendants—who are now the sole and absolute owners of said lands sought to be recovered by the plaintiffs in this action."

Section 2, article 12, of the 1868 Constitution is:

"Hereafter the homestead of any resident of this state who is a married man or head of a family shall not be incumbered in any manner while owned by him, except for taxes, laborers' and mechanics' liens and securities for the purchase money thereof."

The State Supreme Court has decided that a deed of trust in violation of this section is void. Harbison v. Vaughan, 31 Ark. 15; Frits v. Frits, 32 Ark. 327; Sentell v. Armor, 35 Ark. 49; Klenk v. Knoble, 37 Ark. 298, 304; Webb v. Davis, 37 Ark. 551, 555; Sims v. Thompson, 39 Ark. 301; Brown v. Watson, 41 Ark. 309, 313. There is no

dispute that at the time the deed of trust was executed Williams was entitled to claim a homestead, nor that the debt giving rise to that instrument was within none of the exceptions of the above section.

Plaintiffs contend Williams never made a definite and proper designation of the land he desired exempted as a homestead. Decisions of the state Supreme Court determine that it was unnecessary to do this prior to or at the time of executing the deed of trust. These cases go even further and hold that a direct statement in the deed itself that the lands included were not claimed as homestead will not prevent the constitution rendering such instrument void in so far as a later claim for homestead is concerned. Webb v. Davis, 37 Ark. 551; Klenk v. Knoble, 37 Ark. 298. Less than a year after executing the deed of trust, and more than a year before the sale thereunder, Williams filed in the office of the clerk of the circuit court and ex officio recorder of the county in which the land was located a schedule of the land he claimed as homestead. This schedule by legal description clearly defined this land. The state Constitution and statutes were silent as to any particular method of homestead designation, except for purposes of exemption from judicial process. The schedule filed by Williams conformed to the statutory requirements in that respect. Acts Ark. 1871, p. 285. Doubtless his purpose was to comply with that statute. Nevertheless, the schedule constituted a sufficient designation for all purposes.

The circumstances surrounding and following the sale convince that there was no question nor uncertainty at that time as to the designation of the homestead. According to a recital in the trustee's deed (an exhibit attached to the petition), Williams was present at the sale, "consenting that said lands should be sold in a body reserving to himself the benefits of the laws of the state of Arkansas as to a homestead." Following the sale the purchaser took possession of all of the land covered by the deed of trust except this portion. No attempt was made to disturb Williams, his widow, or his heirs in their residence on and possession of this land until the present suit was filed, more than 40 years after the sale. We conclude that the homestead was sufficiently designated and that the constitutional provision protected this land as homestead from the operation of the deed of trust.

The position of plaintiffs that, even if the homestead were properly selected, they are entitled to the land now that the homestead has expired, is also not well taken. Their theory on this is that, although the deed of trust could not convey the homestead, yet it could and did convey the remainder left thereafter, and that Williams at the sale consented to the sale of the land subject only to the homestead. The circumstance that Williams consented to the sale in that form cannot alter the effect of the constitutional requirement. The decisions of the state Supreme Court have settled that a deed of trust covering the land claimed as the homestead is void in toto as to the homestead. Frits v. Frits, 32 Ark. 327; Sentell v. Armor, 35 Ark. 49; Webb v. Davis, 37 Ark. 551; Brown v. Watson, 41 Ark. 309; Sims v. Thompson, 39 Ark. 301. Although the cases just cited arose during the life of the homestead, they were intended to apply also to the remainder after the homestead. In Brown v. Watson, supra, the court at page 313 (italics ours) said:

"What this court has so often asserted as to make any further assertion unnecessary of it in the reports, is: That a mortgage or a deed of trust, or any attempted incumbrance on a homestead, other than those excepted in the Constitution, is void. *The owner may abandon and sell the homestead the next day, and make good title.* It is not a question of good faith, or of sound morals. It is a matter of state policy. Whilst the owner might *sell* his homestead, and thus realize its fair value, the Constitution meant to protect him and his family from the insidious temptation to incur debts upon it, in the sanguine expectation of being able to discharge them; but which would in many cases result in having the home taken for an insignificant sum. It was easy for a creditor to take notice of the homestead, and he cannot complain if he finds that to be void in his hands, which the Constitution advised him would be so."

The scope of these decisions is further shown by others dealing with attempts to dispose of the remainder during and expressly subject to the homestead. McCloy & Trotter v. Arnett, 47 Ark. 445, 2 S. W. 71, was ejectment by minor children against grantees of purchaser at sale made by probate court to pay the debts of the father's estate. The sale was solely of the remainder, being made expressly subject to dower and homestead. After stating that "the rights of the parties are governed by the provisions of the Constitution of 1868 on the subject of homesteads," the court (47 Ark. 453, 2 S. W. 73) said:

"And it may be regarded as settled law that an execution sale of a homestead, when the debtor claims his exemption, if he is required to claim it, is void, and has no effect on the title beyond casting a cloud over it."

And (47 Ark. at page 454, 2 S. W. at page 74):

"But an order of sale of a parcel of land, as in this case, which is shown by the petition, and the order itself, to have been the residence of a deceased head of a family, is an absolute nullity."

To the same effect are Kessinger v. Wilson, 53 Ark. 400, 14 S. W. 96, 22 Am. St. Rep. 220; Harris v. Watson, 56 Ark. 574, 20 S. W. 529, and Bond v. Montgomery, 56 Ark. 563, 20 S. W. 525, 35 Am. St. Rep. 119.

The case of Sansom v. Harrell was twice before the Supreme Court of Arkansas. 51 Ark. 429, 11 S. W. 683; and 55 Ark. 572, 18 S. W. 1047. A statute permitted the vesting in the widow by the probate court of the husband's estate on a showing that it did not exceed $300. The facts, which are more fully stated in the last opinion, were:

"In 1876 Thaddeus W. Sansom died intestate, leaving surviving a widow and three minor children. At the time of his death he owned and occupied 80 acres of land as a homestead. During the minority of the children the widow presented a petition to the probate court for an order vesting the land absolutely in herself. Finding that it did not exceed in value the sum of $300, the court made the desired order. Subsequently, in 1877, the widow conveyed the land to Henry Heinze, and placed him in possession; a year later he reconveyed it to her. On July 27, 1880, she conveyed and delivered possession of the land to B. F. Stephans, through whom appellee deraigns title. Two of the minor children died in 1876 or 1877; the other died in 1879. On July 11, 1887, appellants, as heirs of the last-mentioned child, brought this suit in ejectment to recover the land."

In the first opinion (51 Ark. at page 432, 11 S. W. at page 683) the court said:

"Until the children reach the age of 21 years it cannot be sold to pay the debts of the estate of the deceased owner, nor be partitioned among the heirs. The land constituting it cannot be sold to pay such debts, subject to the homestead rights of the children, during their minority. The Constitution sets it apart as a home and sanctuary for the widow and children, and for the purpose of preventing any other person invading it under a claim of right, or interfering with them in the undisturbed enjoyment of the shelter, comfort, and security of it as a home, guards and protects it against sales and transfers. The same reason which makes it unlawful to sell the land constituting it for the payment of the debts of the deceased owner, subject to the homestead rights of the children, during their minority, makes it unlawful to vest it in the widow, subject to the same rights of the children, during their minority. One endangers the quiet, security, and comfort of a home provided in the homestead as much as the other, and both equally violate the spirit and manifest intent of the Constitution."

It is true some of these decisions were on other sections of the Constitution of 1868 or of 1874, but this does not affect their applicability to the point now being considered. The plaintiffs here are basing this contention upon the limited character of a homestead estate in Arkansas, and upon a conveyance, during the existence of that estate, of the so-called remainder. The above decisions all deal with just that situation, and reveal an undeviating intention not to permit the homestead to be embarrassed in any such manner. In fact, if this be so respecting the satisfaction of debts which under the Constitutions of 1868 and 1874 could claim satisfaction from the land as soon as the homestead was terminated (Constitution of 1868, article 12, sections 3, 4, and 5), how much more would it be true when title is sought to be maintained through sale under a deed of trust made when the Constitution specifically forbade incumbrances of that character.

The judgment is affirmed.